<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AL-MUTAH SAUNDERS<br><br>Petitioner,<br><br>v.<br><br>CHARLES WARREN,<br><br>Respondent. | Civil Action No. 13-2794 (ES)<br><br>**MEMORANDUM ORDER** |

**SALAS, DISTRICT JUDGE**

This matter is before the Court on the submission of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by Petitioner Al-Mutah Saunders ("Petitioner"). (D.E. No. 1). Petitioner is an inmate confined at New Jersey State Prison in Trenton, New Jersey. He filed the instant habeas petition on April 26, 2013. (*Id.*). On March 24, 2014, Petitioner filed a Motion for a Stay and Abeyance of his habeas Petition pending the resolution of his second post-conviction relief ("PCR") petition in state court. (D.E. No. 4-1). Petitioner has also filed a Motion for the Appointment of *Pro Bono* Counsel and an Application to Proceed *in Forma Pauperis*. (D.E. Nos. 2, 3).

For the reasons below, Petitioner's Motion for a Stay and Abeyance is terminated, and Petitioner has 45 days to submit an Amended Petition containing <u>all</u> grounds for federal habeas relief. Petitioner's *pro bono* and *in forma pauperis* applications are denied without prejudice.

**I.     Motion for a Stay and Abeyance**

   A.  <u>Legal Standard</u>

As Petitioner acknowledges, a petitioner seeking federal habeas review must exhaust state court remedies for <u>all</u> grounds for relief asserted in a habeas petition. (D.E. No. 4-1 at 1); *see also* 28 U.S.C. § 2254(b)(1)(A); *Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004). It is therefore proper and routine for district courts to dismiss habeas petitions containing both unexhausted and exhausted claims (so-called "mixed petitions"). *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Despite this "total exhaustion" rule, the Third Circuit has recognized that, in some circumstances, dismissing a "mixed petition" may time-bar a petitioner from federal court under the one-year statute of limitations for § 2254 claims imposed by the Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 3344(d). *See Crews*, 360 F.3d at 151 ("AEDPA's limitations period may act to deprive a petitioner of a federal forum if dismissal of the habeas petition is required") (citing *Zarvela v. Artuz*, 254 F.3d 374, 379 (2d Cir. 2001). Accordingly, the Third Circuit has held that "[s]taying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." *See Crews*, 360 F.3d at 151.

> Since *Crews*, the Supreme Court has somewhat limited the stay-and-abeyance rule:
>
> [S]tay and abeyance should be available only in limited circumstances . . . . [S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> . . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in

2

> intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (citations omitted). Though "[f]ew courts have provided guidance as to what constitutes 'good cause' for failing to exhaust a claim in state court within the meaning of *Rhines*," the Third Circuit emphasizes "the need to be mindful of Justice Stevens's concurrence in *Rhines*, which cautions that . . . [the requirement] is not intended to impose the sort of strict and inflexible requirement that would 'trap the unwary *pro se* prisoner . . . .'" *Locust v. Ricci*, No. 8-2713, 2010 WL 1463190, at *10 (D.N.J. Apr. 12, 2010) (citations omitted).

    B. <u>Analysis</u>

Here, Petitioner argues that he is entitled to a stay and abeyance under *Crews* because he filed a "mixed petition" and must resolve his second PCR petition in state court. (D.E. No. 4-1 at 1-2). Petitioner identifies two grounds for federal habeas relief that he asserts have not been exhausted in state court. As discussed below, the Court cannot grant a stay based on non-exhaustion of either asserted ground.

Petitioner's first allegedly unexhausted ground is that his PCR counsel was ineffective for failing to obtain a psychiatric evaluation for him. (D.E. No. 4-1 at 4). However, this ground is <u>not</u> one of the grounds asserted in Petitioner's original April 26, 2013 petition.[1] Therefore, even if the Court stayed this petition, it would not preserve Petitioner's ability to have the Court consider

---

[1] Petitioner's original habeas petition asserts five grounds for relief: (1) Petitioner did not enter his guilty plea knowingly and voluntarily; (2) trial counsel was ineffective in that counsel failed to develop a diminished capacity defense and in failing to advise Petitioner of the availability of such a defense; (3) the trial court's failure to order a clinical study of Petitioner's mental and physical conditions before imposing a sentence violated Petitioner's right to due process; (4) trial counsel was ineffective at sentencing; (5) appellate counsel was ineffective. (D.E. No. 1).

the claim of ineffectiveness of PCR counsel. In any event, ineffectiveness of PCR counsel is explicitly excluded from the scope of federal habeas relief under § 2254. 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *see also Coleman v. Thompson*, 501 U.S. 722, 752–53 (1991) (holding no constitutional right to counsel in state post-conviction relief proceedings and, consequently, no federal habeas relief for ineffective assistance of counsel in state post-conviction relief proceedings); *Taylor v. Horn*, 504 F.3d 416, 437 n.17 (3d Cir. 2007) (same). Thus, even if Plaintiff had raised ineffective PCR counsel in his initial petition, it would still not support a stay.

As to Petitioner's second allegedly unexhausted ground, Petitioner's brief appears to be missing several pages, including the pages discussing his second ground. Only the "ineffective PCR counsel ground" is discussed. (*See* D.E. No. 4-1). As a result, the Court is unable to evaluate whether Petitioner's second allegedly unexhausted ground for relief warrants a stay. In addition, based on the limited information provided in Petitioner's brief, it appears that the second ground is also missing from the original Petition. As discussed above, if the claim is not contained in the Petition, the Court cannot later consider that claim, even if a stay is granted. § 28 U.S.C. 2244(b).

In most instances, the Court would deny a motion for a stay and abeyance if the unexhausted remedies were not contained in Petitioner's original application. However, based upon a review of the docket, it appears that Petitioner did not receive *Mason* notice advising him of the limitations imposed by AEDPA, including the procedural requirement that a petitioner challenging the legality of a detention pursuant to a state decision must raise <u>all</u> claims in one §

4

2254 application. The Third Circuit requires that district courts give § 2254 petitioners such notice. *See Mason v. Meyers*, 208 F.3d 414, 418-419 (3d Cir. 2000); *see also Terry v. Cathel*, No. 12-5363, 2012 WL 4504590, at *3 (D.N.J. Sept. 27, 2012). Therefore, because Petitioner appears to have grounds for relief that were not stated in his initial petition, and because Petitioner did not have the benefit of *Mason* notice, the Court will grant Petitioner 45 days to amend his Petition to include <u>any and all</u> claims that Petitioner wishes to assert for the purposes of federal habeas review. *See Terry*, 2012 WL 4504590, at *3 n.2 (noting petitioner had opportunity to amend federal habeas petition following *Mason* notice). The Court will further grant Petitioner the opportunity to submit a new Motion for a Stay and Abeyance of his Amended Petition.

The Court will not address the timeliness of Petitioner's original Petition at this time. However, if the § 2254 Petition presently before this Court was filed within the one-year statute of limitations under 28 U.S.C. § 2244(d), then the Court will toll the statute of limitations from the date Petitioner handed the § 2254 Petition (D.E. No. 1) to prison officials for mailing to the Clerk of this Court until 45 days after the date of the entry of this Order. *See Mason*, 208 F.3d at 419 *3d Cir. 2000); *Floyd v. Ricci,* No. 9-5338, 2010 WL 2836611, at *3 (D.N.J. 2010).

Thus, if the Court ultimately finds that Petitioner's original application was timely, Petitioner's amended petition filed within 45 days of the date of this Order shall also be timely.

    **II.    Motion for Appointment of Pro Bono Counsel**

On or about August 19, 2013, Petitioner filed a motion for appointment of pro bono counsel. (D.E. No. 2).

There is no Sixth Amendment right to appointment of counsel in habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed

counsel extends to the first appeal of right, and no further."); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997) (noting no statutory or constitutional right of counsel conferred upon indigent civil litigants); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991) ("There is no 'automatic' constitutional right to counsel in federal habeas corpus proceedings."), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d).   However, counsel may be appointed to an indigent habeas petitioner where the "interests of justice so require."   18 U.S.C. § 3006A(a)(2)(B).

In determining whether the interests of justice require appointment of counsel, the Court must examine whether or not the petitioner has presented a meritorious claim. *See Biggins v. Snyder*, Civ. No. 99-188, 2001 WL 125337, at *3 (D. Del. Feb. 8, 2001) (citing *Reese*, 946 F.2d at 263-64) (other citations omitted).   Next, the Court must determine whether the appointment of counsel will benefit both the petitioner and the Court by examining the legal complexity of the case and the petitioner's ability to present his claims and investigate facts. *See Biggins*, 2001 WL 125337, at *3 (citing *Reese*, 946 F.2d at 264; *Parham*, 126 F.3d at 457-58; *Tabron v. Grace*, 6 F.3d 147, 155-56 (3d Cir. 1993)) (other citations omitted).   "Where these issues are straightforward and capable of resolution on the record, or when the petitioner has a good understanding of the issues and the ability to present forcefully and coherently his contentions, the court would not abuse its discretion in declining to appoint counsel." *Biggins*, 2001 WL 125337, at *3 (citations and internal quotation marks omitted).

At this early juncture, before an answer has even been filed, any determination regarding the need for appointment of counsel would be premature.   Even assuming that the petition presents meritorious, non-frivolous claims, the Court finds that the appointment of counsel at this time will not benefit the Court and Petitioner.   This case seems to be fairly "straightforward and

capable of resolution on the record." *See Parham*, 126 F.3d at 460 (citing *Ferguson v. Jones*, 905 F.2d 211, 214 (8th Cir. 1990)).  A review of this case reveals that neither the legal issues that Petitioner must address, nor the factual underpinnings of his allegations are so complex as to warrant representation by an attorney.  The overall allegations of the Petition do not appear to be either factually or legally complicated.  To date, Petitioner's claims have been presented thoroughly and clearly.  Therefore, the Court denies Petitioner's application to appoint counsel, without prejudice, as it does not appear that the appointment of counsel would benefit both Petitioner and the Court at this time.  In the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* by the Court or upon a motion properly filed by Petitioner.

### III.   Motion to Proceed *In Forma Pauperis*

Petitioner has also filed an application to proceed *in forma pauperis*.  (D.E. No. 3). However, the application is not complete because Petitioner failed to submit the account certification required by Local Civil Rule 81.2(b).  Accordingly, Petitioner's application to proceed *in forma pauperis* is denied.  Since he has paid the requisite filing fee, Petitioner does not need *in forma pauperis* status to proceed with the instant case.  Should he still wish to seek *in forma pauperis* status, Petitioner may submit a complete application.

Based on the foregoing,

IT IS on this 21st day of November, 2014,

ORDERED that the Clerk of the Court shall terminate Petitioner's current Motion for a Stay and Abeyance, D.E. No. 4; and it is further

ORDERED that within 45 days of the date of this Order, Petitioner may submit an Amended Petition containing **all** claims that Petitioner wishes to assert for the purposes of federal habeas review; and it is further

ORDERED that if Petitioner submits an amended petition containing unexhausted claims, Petitioner shall also submit a complete Motion for a Stay and Abeyance; and it is further

ORDERED that if Petitioner submits an Amended Petition, and his original petition was timely, the one-year statute of limitations under 28 U.S.C. § 2244(d) shall be tolled from the date that Petitioner submitted his original Petition to prison officials pursuant to § 2254(d) until 45 days after the date that this order is entered; and it is further

ORDERED that if Petitioner does **not** submit an Amended Petition, the Court will rule upon the Petition as-filed (D.E. No. 1); and it is further

ORDERED that Petitioner's motion for appointment of *pro bono* counsel (D.E. No. 2) is DENIED without prejudice at this time; and it is further

ORDERED that Petitioner's application to proceed *in forma pauperis* (D.E. No. 3) is DENIED without prejudice; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular mail.

s/ Esther Salas
Esther Salas, U.S.D.J.