<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AL-MUTAH SAUNDERS | |
| Petitioner, | Civil Action No. 13-2794 (ES) |
| v. | MEMORDANUM ORDER |
| CHARLES WARREN, | |
| Respondent. | |

**SALAS, DISTRICT JUDGE**

This matter is before the Court on the submission of an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and Motion for Stay and Abeyance by Petitioner Al-Mutah Saunders ("Petitioner"). (D.E. No. 8). For the reasons stated below, Petitioner's Motion for a Stay and Abeyance is DENIED.

**I.     BACKGROUND**

Petitioner is an inmate confined at New Jersey State Prison in Trenton, New Jersey. He filed his initial habeas petition on April 26, 2013. (D.E. No. 1). On March 24, 2014, Petitioner filed a Motion for a Stay and Abeyance of that Petition pending the resolution of his second post-conviction relief ("PCR") petition in state court. (D.E. No. 4-1). In his original Petition, Petitioner asserted five grounds for relief: (1) Petitioner did not enter his guilty plea knowingly and voluntarily; (2) trial counsel was ineffective in that counsel failed to develop a diminished capacity defense and in failing to advise Petitioner of the availability of such a defense; (3) the trial court's failure to order a clinical study of Petitioner's mental and physical conditions before

imposing a sentence violated Petitioner's right to due process; (4) trial counsel was ineffective at sentencing; (5) appellate counsel was ineffective.  (D.E. No. 1).

In his original Motion for a Stay and Abeyance, Petitioner stated that he had two additional grounds for relief which he had not yet exhausted in state court, both which appeared to relate to Petitioner's state PCR proceedings.  (D.E. No. 4).   Neither of those grounds were included in the initial Petition and therefore the Court would not have been able to reach the merits of those grounds—regardless of whether it granted the stay.  (D.E. No. 7, Nov. 21 Order at 3-4). Additionally, Petitioner's motion appeared to be missing several pages, and therefore the Court could not definitively identify the substance of one of the grounds.  For these reasons, on November 21, 2014, the Court entered a Memorandum Order permitting Petitioner to submit an amended petition containing all of his grounds for federal habeas relief, as well as a motion for a stay and abeyance if any of those grounds were unexhausted.  (*Id*. at 5).

On or about December 29, 2014, Petitioner submitted his Amended Petition and accompanying Motion for a Stay and Abeyance.  (D.E. No. 8).  In his Motion for a Stay, Petitioner identified two grounds that he wishes to exhaust in state court: (1) PCR counsel was ineffective for failing to obtain a psychiatric examination for Petitioner's PCR hearing; (2) the PCR court made a medical diagnosis about Petitioner's mental illness when denying him a PCR hearing.  (D.E. No. 8 at 5).  However, the "Amended" Petition is identical to Petitioner's original Petition and still does not contain either of these grounds.

## II.   DISCUSSION

### A.   Legal Standard

A petitioner seeking federal habeas review must exhaust state court remedies for all grounds for relief asserted in a habeas petition.  28 U.S.C. § 2254(b)(1)(A); *Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004).   It is therefore proper and routine for district courts to dismiss habeas petitions containing both unexhausted and exhausted claims (so-called "mixed petitions").  *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Despite this "total exhaustion" rule, the Third Circuit has recognized that, in some circumstances, dismissing a "mixed petition" may time-bar a petitioner from federal court under the one-year statute of limitations for § 2254 claims imposed by the Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 3344(d).   *See Crews*, 360 F.3d at 151 ("AEDPA's limitations period may act to deprive a petitioner of a federal forum if dismissal of the habeas petition is required") (citing *Zarvela v. Artuz*, 254 F.3d 374, 379 (2d Cir. 2001)).   Accordingly, the Third Circuit has held that "[s]taying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition."   *See Crews*, 360 F.3d at 151.

Since *Crews*, the Supreme Court has somewhat limited the stay-and-abeyance rule:

> [S]tay and abeyance should be available only in limited circumstances . . . . [S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> . . . .

> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (citations omitted). Though "[f]ew courts have provided guidance as to what constitutes 'good cause' for failing to exhaust a claim in state court within the meaning of *Rhines*," the Third Circuit emphasizes "the need to be mindful of Justice Stevens's concurrence in *Rhines*, which cautions that . . . [the requirement] is not intended to impose the sort of strict and inflexible requirement that would 'trap the unwary *pro se* prisoner . . . .'" *Locust v. Ricci*, No. 8-2713, 2010 WL 1463190, at *10 (D.N.J. Apr. 12, 2010) (citations omitted).

**B.   Analysis**

Here, Petitioner has again failed to include the two allegedly unexhausted claims in his Amended Petition. As explained to Petitioner in the Court's November 21, 2014 Order, even if the Court stayed this Amended Petition, it would not preserve Petitioner's ability to have the Court consider these two claims. (D.E. No. 7, Nov. 21st Order 3-4). In any event, the Court notes that even if Petitioner had included the claims in his Amended Petition, they would still ultimately fail on the merits.

Petitioner's first ground, that PCR counsel was ineffective, does not state a claim on federal habeas review. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *see also Coleman v. Thompson*, 501 U.S. 722, 752–53


(1991) (holding no constitutional right to counsel in state post-conviction relief proceedings and, consequently, no federal habeas relief for ineffective assistance of counsel in state post-conviction relief proceedings); *Taylor v. Horn*, 504 F.3d 416, 437 n.17 (3d Cir. 2007) (same). Thus, even if Plaintiff had raised ineffective PCR counsel in his Amended Petition, it would not warrant the granting of a stay.

Petitioner's second ground, that state PCR court erred when it made its own medical evaluation of Petitioner when deciding not to grant him an evidentiary hearing, is also meritless. (*See* D.E. No. 8 at 5). Petitioner has no federal right to an evidentiary hearing or other relief denied by a state PCR court. More specifically, infirmities in a state PCR proceeding do not raise constitutional questions in a federal habeas action. *See Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) ("what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation"). Since errors in Petitioner's state PCR proceedings, even if presumed present, were collateral to his conviction and sentence, they could not give rise to a claim for federal habeas relief. *See Hassine*, 160 F.3d at 954; *see also* 28 U.S.C. § 2254(i); *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004) ("[H]abeas proceedings are not the appropriate forum for [petitioner] to pursue claims of error at the PCRA proceeding."). Thus, Petitioner's claim that he should have received an evidentiary hearing in his PCR proceedings before the state court is without merit and cannot support the granting of a stay. *Accord Davis v. New Jersey*, No. 12–5748, 2014 WL 2615657, at *17 (D.N.J. June 12, 2014); *Vreeland v. Warren*, No. 11–5239, 2013 WL 1867043, at *4 n. 2 (D.N.J. May 2, 2013).

### III. CONCLUSION

Both of Petitioner's purportedly unexhausted claims relate to his state PCR proceedings. Since those claims are not cognizable on federal habeas review, Petitioner's Motion for a Stay is DENIED. However, because Petitioner failed to include those claims in his Amended Petition, the Court is not required to dismiss the Amended Petition as mixed. The Court will order Respondent to file an answer to the Amended Petition.

Based on the foregoing,

IT IS on this 16th day of September, 2015,

ORDERED that Petitioner's Motion for a Stay and Abeyance (D.E. No. 8) is DENIED; and it is further

ORDERED that the Court will enter a separate Order requiring Respondent to file an answer to the Amended Petition.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**